IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christine Terry, | ) | |
| | ) | C/A No. 9:17-3097-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| The Beaufort County School District, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Christine Terry filed the within action in the Court of Common Pleas for Beaufort

County on October 4, 2017, alleging her former employer, Defendant The Beaufort County School

District, terminated her after she suffered a permanent impairment of her vision. Plaintiff brings the

following causes of action: Violation of the Americans With Disabilities Act (Count I); and

Wrongful Termination/Discrimination on Account of Handicap (Count II). Defendant removed the

action to this court on November 15, 2017, asserting the court has federal question jurisdiction under

28 U.S.C. § 1331. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter

was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

This matter came before the court on motion to remand filed by Plaintiff on December 15,

2017. Plaintiff asserts that removal is improper because Defendant, as a political subdivision of the

State of South Carolina, has not waived sovereign immunity under the Eleventh Amendment of the

United States Constitution. Defendant filed a response in opposition on December 29, 2017 in

which it asserts that a local school district is not an arm of the state. See Child Evangelism

Fellowship of S.C. v. Anderson Sch. Dist., 438 F. Supp. 2d 780 (D.S.C. 2006). Plaintiff filed a

reply to Defendant's response on January 5, 2018, in which she observed that Defendant failed to

address the factors recited in <u>Grady v. Spartanburg Sch. Dist. Seven</u>, C/A No. 7:13-cv-02020-GRA, 2014 WL 1159406, *2 (D.S.C. March 21, 2014) regarding the applicability of Eleventh Amendment immunity ("'(1) [W]hether any judgment against the entity as defendant will be paid by the State or whether any recovery by the entity as plaintiff will inure to the benefit of the state; (2) the degree of autonomy exercised by the entity, including such circumstances as who appoints the entity's directors or officers, who funds the entity, and whether the State retains a veto over the entity's concerns; (3) whether the entity is involved with state concerns as distinct from non-state concerns, including local concerns; and (4) how the entity is treated under state law, such as whether the entity's relationship with the State is sufficiently close to make the entity an arm of the State.'") (quoting <u>S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc.</u>, 535 F.3d 300, 303 (4th Cir. 2008)). Plaintiff also pointed out that Defendant pleaded sovereign immunity as a bar to claims for money damages. <u>See</u> Answer, ECF No. 4, ¶ 51.

On July 16, 2018, the Magistrate Judge issued a Report and Recommendation in which she noted a lack of consensus within the District of South Carolina concerning whether school districts are entitled to Eleventh Amendment immunity and found that Defendant failed to present sufficient information to evaluate the <u>Grady</u> factors. The Magistrate Judge also observed that Defendant's removal of the case to federal court did not constitute a waiver of sovereign immunity because the State has not waived immunity as to claims arising under the ADA. <u>See</u> <u>Means v. S.C. Dep't of Soc. Servs.</u>, Civ. A. No. 6:15-4104-HMH-KFM, 2017 WL 2155431 (D.S.C. May 17, 2017). Accordingly, the Magistrate Judge recommended that the motion to remand be granted. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. <u>Id.</u> In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's motion to remand (ECF No. 7) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 3, 2018